■ AUGUST BARANOWITZ, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [663 NYS2d 1000] —Motion by the respondent to resettle this Court's unpublished decision and order dated June 9, 1997, which determined an appeal from a judgment of the Supreme Court, Kings County, entered July 11, 1996, so as to reinstate the jury's award of damages for wrongful death sustained by the decedent's survivors, except to reduce that award by $7,000 representing an award for past and future damages sustained by the decedent's daughter, Adrienne, as there was no evidence of pecuniary loss to Adrienne. Cross motion by the appellants for reargument or leave to appeal to the Court of Appeals. Upon the papers filed in support of the motion and cross motion and the papers filed in opposition thereto, it is

Ordered that the cross motion is denied; and it is further,

Ordered that the motion to resettle this Court's unpublished decision and order dated June 9, 1997, is granted to the extent that the decision and order is recalled and vacated and the following is substituted therefor, and the motion is otherwise denied:

In an action to recover damages for personal injuries and wrongful death, the defendants appeal from a judgment of the Supreme Court, Kings County (Moskowitz, J.), entered July 11, 1996, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $1,639,876.56.

Ordered that the judgment is modified, on the law, by deleting from the sixth line of the decretal paragraph thereof the principal sum of $77,000 and substituting therefor the principal sum of $72,000 and by deleting from the eighth line of that decretal paragraph the principal sum of $32,000 and substituting therefor the principal sum of $30,000; as so modified, the judgment is affirmed, with costs to the respondents and the matter is remitted to the Supreme Court, Kings County, for the calculation of interest accrued on the principal sums awarded for past and future damages for wrongful death and for the entry of an amended judgment accordingly.

The jury verdict was supported by a fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129) except as to the award for past and future damages sustained by the decedent's daughter. There is no evidence in the record to support the claim that she suffered pecuniary loss by reason of her father's death (*see, Gonzalez v New York City Hous. Auth.,* 77 NY2d 663).

The defendants' remaining contentions are without merit. Miller, J. P., Joy, Goldstein and Florio, JJ., concur.